Entered: April 17th, 2025
Signed: April 17th, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
Baltimore Division

IN RE:                                                                Case No. 24-20570-DER
KERYNN D POOLE
*fka* KERYNN D HUGGINS                                          Chapter 13
*aka* KERI D POOLE
     Debtor

_____

US BANK TRUST NATIONAL ASSOCIATION, NOT IN
ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER
TRUSTEE FOR VRMTG ASSET TRUST
     Movant
v.
KERYNN D POOLE
*fka* KERYNN D HUGGINS
*aka* KERI D POOLE
     Debtor/Respondent
and
JOHN D. POOLE
     Co-Debtor/Co-Respondent
and
REBECCA A. HERR
     Trustee/Respondent

## AGREED ORDER MODIFYING STAY AS IT APPLIES TO REAL PROPERTY

THIS CAUSE came on for consideration of the Motion of US Bank Trust National Association, not in its individual capacity but solely as owner trustee for VRMTG Asset Trust ("Movant") for relief from stay (ECF No. 15) (the "Motion"), and the request by Kerynn D Poole *fka* Kerynn D Huggins *aka* Keri D Poole ("Debtor"). The Court, noting the agreement between the

BWW#: MD-338446

Debtor and Movant as to the relief set forth herein, finds it appropriate to grant the relief requested. The Chapter 13 Trustee and Co-Debtor have not filed a response and consequently are not objecting to the relief requested.

THEREFORE, it is **ORDERED** that:

1. The Motion is hereby **GRANTED**.

2. The Automatic Stay of 11 U.S.C. § 362(a) (the "Stay") is hereby modified. Movant shall forbear from exercising any right to foreclosure pursuant to the Deed of Trust related to the real property located at 127 Duval Lane, Edgewater, MD 21037-1610 (the "**Property**") so long as the Debtor remain in compliance with the terms of this Order.

3. Beginning with the May 1, 2025, payment of $1,685.59, and continuing each month thereafter, pursuant to the Deed of Trust, Note, Loan Modification (if any), or other written agreements between the parties (the "**Loan Documents**"), the Debtor shall tender to Movant the regular monthly mortgage payments, as and when they come due and as adjusted for escrow/interest rate changes. A late fee may be assessed in the normal course and pursuant to the Loan Documents. The current address for payments is:

Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609

4. The total postpetition arrearages due to the Movant as of April 7, 2025 is calculated as follows:

| | | |
|---|---|---|
| Four (4) missed payment(s) of $1,685.59 | = | $6,742.36 |
| (January 1, 2025 through April 1, 2025) | | |
| Motion for Relief Attorney Fee | = | $1,350.00 |
| Motion for Relief Filing Fee | = | $199.00 |
| Less Post-Petition Suspense Balance | = | ($0.00) |
| **Total Post-Petition Default** | **=** | **$8,291.36** |

5. The Debtor will cure the post-petition arrears by making a payment to Movant in the amount of $1,658.28 (said figure representing one-fifth [1/5] of Debtor's post-petition arrears) on or before May 15, 2025, and $1,658.27 continuing on the 15th day of each month thereafter, through and including September 15, 2025.

6. The parties agree that if the Debtor convert this case to a filing under another Chapter of Title 11 of the U.S. Code, the Stay is TERMINATED and Movant may immediately exercise all *in rem* rights provided by the Loan Documents and applicable state law, including but

not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property. Additionally should this case dismiss, or the Debtor receive a discharge, the Stay shall TERMINATE and Movant may immediately exercise all in rem rights provided by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

7.      If the holder of any other Deed of Trust or lien on the Property obtains relief from the Automatic Stay, then the Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate without any further proceeding in this Court and the Stay is TERMINATED as to Movant.

8.      In the event that payment required by this Order is not received by Movant when it is due, or some other action required hereunder is not timely completed, Movant shall file a Notice of Non-compliance (the "Notice") and send a copy to the Debtor via first-class mail. The Notice will describe the nature of the default.

9.      Upon the filing of the Notice, the Debtor must take one of the following actions within ten (10) days: i) cure the default or ii) file an objection with the Court stating no default exists.

10.      If the Debtor does not take one of the actions within the prescribed time, set forth in the preceding paragraph, the Stay is TERMINATED. Thereafter, Movant may proceed with its *in rem* remedies permitted by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

11.      The Movant may file a Certificate of Default stating that it has complied with the terms of this Order and may submit, together with the Certificate of Default, a draft order terminating the Stay.

12.      If the Debtor default(s) pursuant to the terms of this Order on a third occasion, Movant may file a Certificate of Default advising that the Stay has TERMINATED. The Debtor shall not be entitled to cure the default pursuant to the terms of this Order. Thereafter, Movant may proceed with its *in rem* remedies permitted by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or

BWW#: MD-338446

transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

13.    Any cure of the Notice must include all amounts set forth therein, including attorneys' fees resulting from the Debtor's default, as well as any payments which have subsequently become due under the terms of this Order and that are due at the time Debtor tenders funds to cure the default.  Acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the Notice.

14.    At Movant's discretion, and in order to avoid liquidation of said Property, Movant may offer and provide the Debtor with information regarding a potential Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation options, and may enter into such agreement with the Debtor (subject to further approval by this Court). Movant may also continue to protect its lien pursuant to the Loan Documents, to the extent allowed by law.

15.    The Co-Debtor has not filed a response to the Motion, therefore the Co-Debtor Stay imposed by 11 U.S.C. § 1301 is hereby TERMINATED by default.

16.    This Order applies to any successor-in-interest of Movant and shall not be subject to the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

AGREED:

| | |
|---|---|
| */s/ Eric VandeLinde* | */s/ Diana L. Klein* |
| Eric VandeLinde, Esq. | Diana L. Klein, Esq. |
| MD Fed. Bar No. 21205 | 2450 Riva Road |
| BWW Law Group, LLC | Annapolis, MD 21401 |
| 6003 Executive Blvd, Suite 101 | *Counsel for Debtor* |
| Rockville, MD 20852 | |
| P: 301-961-6555, F: 301-961-6545 | |
| bankruptcy@bww-law.com | |
| *Counsel for the Movant* | |

## <u>CERTIFICATION OF CONSENT</u>

I HEREBY CERTIFY that the terms of the copy of the agreed order submitted to the Court are identical to those set forth in the original agreed order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original agreed order.

 _/s/ Eric VandeLinde_____
Eric VandeLinde, Esq.
*Counsel for the Movant*
BWW Law Group, LLC

cc:

BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852

Rebecca A. Herr, Trustee
185 Admiral Cochrane Dr.
Suite 240
Annapolis, MD 21401

Diana L. Klein, Esq.
2450 Riva Road
Annapolis, MD 21401

Kerynn D Poole
*fka* Kerynn D Huggins
*aka* Keri D Poole
127 Duval Lane
Edgewater, MD 21037

John D. Poole
127 Duval Ln
Edgewater, MD 21037-1610

**END OF ORDER**